IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 5, 2017

**STATE OF TENNESSEE v. JOEL WAYNE ALLEN**

**Appeal from the Circuit Court for Benton County**
**No. 14-CR-73      Charles C. McGinley, Judge**

_____

**No. W2016-01039-CCA-R3-CD**

_____

The Defendant, Joel Wayne Allen, appeals his convictions from a jury trial, arguing that the evidence was insufficient to support his convictions and that he received ineffective assistance of counsel. The Defendant filed an untimely notice of appeal, and the interest of justice does not support waiver of the timely filing requirement. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Anthony L. Clark, Paris, Tennessee (on appeal); and Alan George Ward, Camden, Tennessee (at trial), for the appellant, Joel Wayne Allen.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Vance Dennis and Bruce Griffey, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Defendant was indicted on fourteen counts, resulting from two separate arrests. On July 6, 2015, the Defendant was tried on the first four counts of the indictment. A Benton County jury found the Defendant guilty of one count of domestic assault, two counts of simple possession of a Schedule VI controlled substance, and one count of possession of unlawful drug paraphernalia. The trial court imposed sentences of

eleven months and twenty-nine days for each conviction, which were to run concurrently with each other but consecutively to his sentence from another case. Judgments were entered on January 28, 2016. It does not appear that the Defendant filed a motion for new trial as the appellate record does not include a motion, an order from the trial court addressing a motion for new trial, or a transcript of a hearing on any motion for new trial. Trial counsel filed a notice of appeal of the jury convictions on May 11, 2016. The Defendant entered a subsequent plea agreement with the State for the remaining indicted charges on May 12, 2016.

The appellate record was filed on August 29, 2016, but the record did not include the trial transcript. Trial counsel failed to file a timely appellate brief. This court issued an order due to trial counsel's failure to file a brief, and trial counsel did not respond. On November 1, 2016, trial counsel was suspended from the practice of law by order of the Tennessee Supreme Court. This court removed trial counsel from this case, and current counsel entered a notice of appearance. Current counsel supplemented the record to include the transcript and filed an appellate brief. The Defendant did not address the late-filed notice of appeal in his brief.

## ANALYSIS

Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Rule 4(a) also allows for this court to waive the timely filing requirement "in the interest of justice." This court considers "the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors" in determining whether waiver is appropriate. *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). The Defendant has the burden of establishing that waiver is appropriate. *State v. Kevin Montrell Thompson*, No. E2016-01565-CCA-R3-CD, 2017 WL 262701, at *2 (Tenn. Crim. App. Jan. 20, 2017), *no perm. app. filed.*

Our review of the record shows that although this appeal involves a fourteen-count indictment, the four charges at issue on appeal were tried separately from the remainder of the indictment. The judgments from the jury trial were entered on January 28, 2016. The Defendant's notice of appeal was filed on May 11, 2016, over three months later. While this court recognizes that the attorney responsible for the late notice of appeal was removed by this court after being suspended from practice, the Defendant has not presented any argument as to why the timing requirement should be waived.

The Defendant challenges on appeal the sufficiency of the evidence and asserts he received ineffective assistance of counsel. The Defendant specifically alleges in his brief that trial counsel was ineffective in this appeal by failing to timely file a transcript and

- 2 -

brief with the appellate court clerk, by failing to appear pursuant to a show cause order, and "by posing a threat of substantial harm to the public." The Defendant does not allege ineffective assistance for trial counsel's failure to file a timely notice of appeal. In light of the issues on appeal and the Defendant's failure to present any basis upon which this court may find that the "interest of justice" merits a waiver, we decline to waive the late filing of the notice of appeal. Accordingly, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE